Randall B. Bateman (USB 6482)
Sarah W. Matthews (USB 13295)
BATEMAN IP LAW GROUP, P.C.
257 East 200 South, Suite 750
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, sm@batemanip.com

*Attorneys for Plaintiff*,
Emergency Essentials, LLC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EMERGENCY ESSENTIALS, LLC., a Delaware limited liability company,<br><br>      Plaintiff,<br><br>   vs.<br><br>FELIX CASTRO, an individual; and BLUEHOST, INC., a Utah corporation; and DOES 1 through 5,<br><br>      Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br><br>Case No. _____<br><br>Judge _____ |

COMES NOW, Plaintiff Emergency Essentials, LLC., and complains against Felix

Castro and Bluehost, Inc. (collectively "Defendants") and each of them as follows:

1

## PARTIES

1.      Plaintiff, Emergency Essentials, LLC. ("Emergency Essentials") is a Delaware limited liability company having a principal place of business in Orem, Utah.

2.      Defendant Felix Castro ("Castro") is an individual who, on information and belief, has an address in Jamaica, New York.

3.      Defendant Bluehost, Inc. ("Bluehost") is a Utah corporation having a principal place of business in Provo, Utah.

4.      On information and belief, Does 1 through 5 are owners, employees, associates, affiliates, customers and/or agents of the named Castro and/or Bluehost who have actively participated in the actions alleged herein.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq.*  The Court has jurisdiction pursuant to 28 U.S.C. § 1338 and jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this district under 28 U.S.C. §1391(b and c), pursuant to the Lanham Act and because the actions herein alleged took place within this jurisdiction and/or because all Defendants are either found in this District or are otherwise subject to personal jurisdiction in this District.  Specifically, on information and belief, the website at issue resides in this district and Defendant Castro has entered into a contractual relationship with a Utah corporation regarding the hosting of the website on which the acts alleged herein took place.

2

**GENERAL ALLEGATIONS**

7.     Plaintiff Emergency Essentials is a company which specializes in selling food storage and other preparedness supplies.  Emergency Essentials and its predecessor in interest, Emergency Essentials, Inc., have been selling preparedness supplies throughout the United States more than 25 years.

8.     Emergency Essentials is one of the leading producers and retailers of preparedness supplies.

9.     Emergency Essentials, Inc. and Emergency Essentials, LLC have spent substantial amounts of money in developing goodwill in its EMERGENCY ESSENTIALS marks. Emergency Essentials, LLC is the owner by assignment of a large number of U.S. Trademark Registrations, including Registration Nos. 3,665,475; 3,659,764, 3,582,153; 3,582,152; 3,574,562; 3,571,179; 3,571,178; 3,571,177; 3,571,176; 3,571,175; 3,571,174; 3,571,173; 3,571,172; 3,568,952; 3,568,951; 3,439,473 for the mark EMERGENCY ESSENTIALS. (Copies of the registration certificates are attached hereto as Exhibit A).

10.     Emergency Essentials has developed substantial and valuable goodwill in its EMERGENCY ESSENTIALS trademarks through advertising, industry recognition, and a history of providing high quality products under the mark.  As a result, Emergency Essentials has developed widespread recognition and secondary meaning in its EMERGENCY ESSENTIALS

trademarks throughout the United States, all of which has inured and continues to inure to Emergency Essentials substantial benefit.

11.    On or about January 23, 2011, Defendant Castro registered the domain name emergencyessentialslist.com.  (A copy of the Whois information for emergencyessentailslist.com is attached hereto as Exhibit B).

12.    Castro's domain name included the trademark EMERGENCY ESSENTIALS.

13.    Castro, through Bluehost, established a website for the domain name emergencyessentialslist.com which prominently uses the EMERGENCY ESSENTIALS trademark at the top of the website.

14.    Castro also established a FACEBOOK page for EMERGENCY ESSENTIALS.

15.    The website's use of the EMERGENCY ESSENTIALS trademark in interstate commerce in association with the advertising and sale of emergency preparedness supplies constitutes an infringement of Emergency Essentials' rights in the trademarks, developed through Emergency Essentials' use of the trademarks in interstate commerce in association with the sale of emergency preparedness supplies, and their U.S. trademark registrations.

16.    The use of the EMERGENCY ESSENTIALS trademark in the domain name constitutes cyber-squatting.

17.    On information and belief, the only purpose for placing the trademark EMERGENCY ESSENTIALS on emergencyessentialslist.com website was to mislead the public into believing that the website was being sponsored or was affiliated with Emergency Essentials

and to direct traffic away from Emergency Essentials legitimate website and toward the websites of Emergency Essentials' competitors.

18.     On information and belief, one of more of DOES 1 through 5 have participated with Castro and Bluehost in the actions alleged herein.

19.     Moreover, Bluehost is well aware of the EMERGENCY ESSENTIALS marks as it has previously been sued for infringement of the marks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under the Lanham Act, 15 U.S.C. §1114)

20.     Emergency Essentials incorporates and realleges paragraphs 1 through 19 of this Complaint, as though fully set forth herein, and further alleges:

21.     Emergency Essentials owns U.S. registered trademarks for the mark EMERGENCY ESSENTIALS, including Registration Nos. 3,665,475; 3,659,764, 3,582,153; 3,582,152; 3,574,562; 3,571,179; 3,571,178; 3,571,177; 3,571,176; 3,571,175; 3,571,174; 3,571,173; 3,571,172; 3,568,952; 3,568,951; 3,439,473.

22.     Defendants, without authorization, used the registered marks EMERGENCY ESSENTIALS in commerce in connection with the sale, offer for sale, distribution, and advertisement of goods which compete with the goods sold by Emergency Essentials under the EMERGENCY ESSENTIALS marks.

23.     Defendants unauthorized use of the registered trademarks EMERGENCY ESSENTIALS is likely to cause confusion, mistake, or to deceive the public as to the source of goods and services.

24.     By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for injunctive relief and monetary damages for trademark infringement pursuant to 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))

25.     Emergency Essentials incorporates and realleges paragraphs 1 through 24 of this Complaint, as though fully set forth herein, and further alleges:

26.     Emergency Essentials is well known for its preparedness products.

27.     Emergency Essentials markets its products under the trademarks EMERGENCY ESSENTIALS.

28.     The EMERGENCY ESSENTIALS trademarks have developed considerable goodwill among consumers.

29.     Defendants misrepresented to the public that their website was affiliated with or sponsored by Emergency Essentials by using the EMERGENCY ESSENTIALS marks in their domain name and on their website.

30.     Defendants then directed users of the website to Emergency Essentials' competitors.

31.     Defendants' actions create a likelihood of confusion among the public as to the affiliation or sponsorship of Defendants' website with Emergency Essentials.

6

32.     Defendants used the trademarks EMERGENCY ESSENTIALS with the specific purpose of misleading the public into believing that Emergency Essentials was affiliated, connected, or associated with their website.

33.     By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for injunctive relief and monetary damages for unfair competition pursuant to 15 U.S.C. § 1125(a).

34.     By reason of the foregoing, Emergency Essentials asserts that the present case is exceptional and entitles Emergency Essentials to treble damages and attorneys' fees.

**THIRD CLAIM FOR RELIEF**

**(Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d))**

35.     Emergency Essentials incorporates and realleges paragraphs 1 through 34 of this Complaint, as though fully set forth herein, and further alleges:

36.     Emergency Essentials is well known for its preparedness products.

37.     Emergency Essentials markets its products under the trademarks EMERGENCY ESSENTIALS.

38.     Defendant Castro registered the domain name emergencyessentialslist.com.

39.     On information and belief, one or more of the Defendants had bad faith intent to profit from the mark when registering the domain name.

7

40.     One or more of the Defendants has used the emergencyessentialslist.com domain name in conjunction with a website which uses the EMERGENCY ESSENTIALS mark and hypertext links the trademarks to websites of Emergency Essentials' competitors.

41.     By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for injunctive relief and monetary damages for violating the Anticybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125(d).

42.     By reason of the foregoing, Emergency Essentials asserts that the present case is exceptional and entitles Emergency Essentials to treble damages and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement and Unfair Competition)

43.     Emergency Essentials incorporates and realleges paragraphs 1 through 42 of this Complaint, as though fully set forth herein, and further alleges:

44.     Bluehost had constructive knowledge of the trademark infringement by virtue of the title of the infringing website emergencyessentialslist.com.

45.     Bluehost had knowledge of Emergency Essentials trademarks due to prior litigation between the parties.

46.     Despite being aware of Emergency Essentials' trademark registrations and the infringements thereof being perpetrated by Castro, Bluehost continued to host and propagate the website.

47.     By virtue of such conduct, Bluehost is contributorily liable for Castro's acts of trademark infringement and unfair competition under federal law.

48.     The acts complained of herein above have caused irreparable harm, damage and injury to Emergency Essentials, and Emergency Essentials has no adequate remedy at law.

49.     Bluehost's acts were in bad faith, in conscious and deliberate disregard of Emergency Essentials' rights, and were performed with the intention of depriving Emergency Essentials of its rights. Accordingly, Bluehost's conduct merits, and Emergency Essentials seeks an award of punitive damages in an amount sufficient to punish Bluehost and deter such conduct in the future.

50.     By reason of the foregoing, Emergency Essentials asserts a claim against Bluehost for contributory infringement and unfair competition.


**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition under the Utah Unfair Competition Act,
Utah Code Ann. § 13-5(a)-101, et seq.)**

51.     Emergency Essentials incorporates and realleges of paragraphs 1 through 50 of this Complaint, as if the same were fully set forth herein, and further alleges:

52.     Defendants' actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of Emergency Essentials' intellectual property.

53.     Defendants' actions constitute an infringement of Emergency Essentials' trademarks.  Defendants' tortious actions have caused, and unless enjoined by this Court will

cause in the future, irreparable damage, loss, and injury to Emergency Essentials for which

Emergency Essentials has no adequate remedy at law.

54.     Pursuant to Utah Code Ann. § 13-5a-103, Emergency Essentials is entitled to

actual damages, costs and attorney fees, and punitive damages.

55.     By reason of the foregoing, Emergency Essentials asserts a claim against the

Defendants for violation of the Utah Unfair Competition Act.

### SIXTH CLAIM FOR RELIEF

**(Deceptive Trade Practice under the Utah Truth in Advertising Act,
Utah Code Ann. § 13-11(a)-3, *et seq.*)**

56.     Emergency Essentials incorporates and realleges paragraphs 1 through  55 of this

Complaint, as though fully set forth herein, and further alleges:

57.     Defendants, in the course of their business, caused a likelihood of confusion or

misunderstanding as to the source, sponsorship, approval, affiliation, connection, association or

certification of goods linked to the website emergencyessentialslist.com.

58.     Pursuant to Utah Code Ann. § 13-11(a)-4, Emergency Essentials is entitled to

recover three times the amount of actual damages sustained, or $2,000, whichever is greater, plus

court costs. Emergency Essentials is also entitled to injunctive relief under Utah Code Ann.

§ 13-11(a)-4, attorneys' fees, and an order to cause defendants to promulgate corrective

advertising.

59.     By reason of the foregoing, Emergency Essentials asserts a claim against the

Defendants for violation of the Utah Truth in Advertising Act.

**SEVENTH CLAIM FOR RELIEF:**

**(Cybersquatting Under Utah Code § 70-3a-309)**

60.     Emergency Essentials incorporates and realleges the allegations of paragraphs 1 through 85 of its Complaint, as if the same were fully set forth herein.

61.     The actions of the Defendants constitute cybersquatting under Utah Code § 70-3a-309.

62.     Emergency Essentials is entitled to an Order requiring the Defendants to transfer the domain name emergencyessentialslist.com to Emergency Essentials.

63.     Emergency Essentials is entitled to an assessment of statutory damages up to $100,000 against the Defendants pursuant to Utah Code § 70-3a-402(3).

64.     Emergency Essentials is entitled to an assessment of attorneys' fees and costs against the Defendants.

65.     By reason of the foregoing, Emergency Essentials asserts a claim against the Defendants for cybersquatting under Utah law.

**EIGHTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

66.     Emergency Essentials incorporates and realleges paragraphs 1 through 65 of this Complaint, as though fully set forth herein, and further alleges:

11

67.     Emergency Essentials has expended considerable time and resources developing and promoting its EMERGENCY ESSENTIALS trademarks.

68.     Defendants were aware of the benefit of using the EMERGENCY ESSENTIALS trademarks and sought to appropriate the time and resources expended by Emergency Essentials without the authorization or consent of Emergency Essentials.

69.     By using the EMERGENCY ESSENTIALS trademarks without compensation to Emergency Essentials, Defendants have been unjustly enriched.

70.     By reason of the forgoing, Emergency Essentials makes a claim against each Defendant for Unjust Enrichment.


**NINTH CLAIM FOR RELIEF**

**(Civil Conspiracy)**

71.     Emergency Essentials incorporates and realleges paragraphs 1 through 70 of this Complaint, as though fully set forth herein, and further alleges:

72.     On information and belief, two or more of the Defendants did combine, and by concerted action have sought to infringe Emergency Essentials' trademarks and to mislead the public into believing that their website was sponsored or affiliated with Emergency Essentials.

73.     Emergency Essentials is entitled to a judgment against each Defendant found to have participated in the civil conspiracy alleged above for the entire amount of the damages Emergency Essentials has sustained as a result thereof.

74.     By reason of the forgoing, Emergency Essentials makes a claim against each Defendant for Civil Conspiracy.

## PRAYER FOR RELIEF

WHEREFORE, Emergency Essentials prays for judgment against Defendants as follows:

A.     Enjoining each Defendant, and all other persons participating or acting in concert with them, from making, hosting or distributing websites that include the EMERGENCY ESSENTIALS trademarks without the authorization from Emergency Essentials;

B.     Enjoining Defendants, and all other persons participating or acting in concert with them, from infringing Emergency Essentials' trademarks directly or contributorily;

C.     Ordering each Defendant to prepare an accounting of all proceeds generated by the development and use of the infringing website;

D.     Ordering each Defendant to conduct corrective advertising to advise the public that their respective companies are not affiliated, connected or associated with Emergency Essentials.

E.     Awarding Emergency Essentials its damages and/or any profits of Defendants and its costs of the action pursuant to 15 U.S.C. § 1117(a).

F.     Awarding Emergency Essentials treble its damages and/or defendants profits pursuant to 15 U.S.C. § 1117(b);

G.      Awarding Emergency Essentials statutory damages in the amount of $100,000 for each of the counterfeit EMERGENCY ESSENTIALS trademarks pursuant to 15 U.S.C. § 1117(c);

H.      Awarding Emergency Essentials statutory damages in the amount of $100,000 for each domain name pursuant to 15 U.S.C. § 1117(d);

I.      Ordering transfer of the emergencyessentialslist.com domain name to Emergency Essentials.

J.      Finding that this is an exceptional case and awarding Emergency Essentials' attorneys' fees pursuant to 15 U.S.C. § 1117(a);

K.      Awarding Emergency Essentials three times their damages and an amount not less than $2,000 for violation of the Utah Truth in Advertising Act, Utah Code Ann. §13-11(a)-3.

L.      Awarding injunctive relief, court costs, and attorneys' fees pursuant to the Utah Truth in Advertising Act, Utah Code Ann. §13-11(a)-4.

M.      Awarding Emergency Essentials actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103.

N.      Awarding Emergency Essentials costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

O.      Awarding Emergency Essentials punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

P.      Awarding Emergency Essentials actual damages for violation of the Registration and Protection of Trademarks and Service Marks Act pursuant to, Utah Code Ann. §70-3a-4-4.

14

Q.      Awarding Emergency Essentials trebled damages, costs and attorneys' fees pursuant to the Registration and Protection of Trademarks and Service Marks Act pursuant to Utah Code Ann. §70-3a-404.

R.      Finding that all defendants are jointly and severally liable for any judgment entered herein due to their civil conspiracy.

S.      Awarding Emergency Essentials pre-judgment and post-judgment interest until such awards are paid; and

T.      Awarding such other and further relief as is just and equitable.

DATED this 26th  day of September, 2013.

> BATEMAN IP LAW GROUP
>
> /s/Randall B. Bateman
>
> Randall B. Bateman
> Sarah W. Matthews
>
> *Attorneys for Plaintiff*
> Emergency Essentials, Inc.

Plaintiff's Address:
653 N 1500 W
Orem, Utah